IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER S. GODWIN, | : | CIVIL ACTION |
| Plaintiff, | : | **JURY TRIAL DEMANDED** |
| v. | : | NO.: 2:23-cv-4011 |
| FRONTIER AIRLINES, INC. and JOHN DOE, | : | |
| Defendants. | : | |

### COMPLAINT

Plaintiff, CHRISTOPHER S. GODWIN, by and through his attorneys, The Rothenberg Law Firm LLP, and Bohrer & Lukeman, PLLC, respectfully alleges as follows:

### THE PARTIES

1. Plaintiff CHRISTOPHER S. GODWIN ("PLAINTIFF") is a citizen of the Commonwealth of Pennsylvania and resides in Fairless Hills, Pennsylvania.

2. Defendant FRONTIER AIRLINES, INC. ("FRONTIER"), is a Colorado corporation with its principal place of business located at 4545 Airport Way, Denver, CO.

3. At all times material hereto, FRONTIER is authorized to and does, in fact, regularly and continuously conduct and transact business within the Commonwealth of Pennsylvania and in this judicial district sufficient to satisfy the requirements for exercising either general and/or specific jurisdiction and venue over this defendant, as more particularly set forth herein.

4. At all times material hereto, defendant FRONTIER is, upon information and belief, registered as a foreign corporation authorized to conduct business in the

1

Commonwealth of Pennsylvania and as such, pursuant to 42 Pa. C.S.A. § 5301(a)(2), has both consented to general personal jurisdiction in Pennsylvania.

5. FRONTIER was and is a common carrier engaged in the business of transporting passengers for hire by air.

6. FRONTIER operates regularly scheduled passenger airline flights from various airports in the United States, including, but not limited to, airports located within this judicial district, namely Philadelphia International Airport, located in Philadelphia, Pennsylvania.

7. Defendant JOHN DOE is a pseudonym for a natural person, the identity of whom is currently unknown, who may be wholly or partially liable to the PLAINTIFF herein.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 due to the complete diversity of citizenship between the parties and the amount in controversy exceeds Seventy-Five Thousand ($75,000.00) Dollars, exclusive of interest and costs.

9. The Eastern District of Pennsylvania is an appropriate venue in which to pursue this action under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to this action occurred within this judicial district.

## BACKGROUND FACTS AND GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10. Prior to and on December 3, 2021, FRONTIER was a commercial airline and common carrier engaged in the business of carrying and transporting passengers for

2

hire in interstate commerce and regularly operated scheduled commercial passenger flights to and from the Commonwealth of Pennsylvania.

11. On December 3, 2021, FRONTIER operated and controlled a certain jet aircraft, designated as Frontier Flight F9108 from PHL to Luis Munoz Marin International Airport, San Juan, Puerto Rico (SJU) ("the subject flight").

12. Defendant FRONTIER, owned, leased, operated, controlled, staffed, scheduled, and supervised the subject aircraft which operated the subject flight.

13. On or about December 3, 2021, PLAINTIFF SCOTT GODWIN was a revenue paying passenger lawfully travelling aboard the subject flight.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT FRONTIER FOR NEGLIGENCE

14. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

15. On December 3, 2021, FRONTIER employed a cabin crew responsible for the safe and secure operation of its flights as well as the safety and well-being of its passengers.

16. On December 3, 2021, the subject flight was conducted on an aircraft owned, leased, operated, staffed, or otherwise controlled by FRONTIER.

17. On December 3, 2021, FRONTIER was responsible for the service, maintenance, inspection, and/or repair of the subject aircraft.

18. On December 3, 2021, FRONTIER was responsible for the training, management, supervision, and/or control of its cabin crew aboard the subject flight,

including but not limited to the crew's adherence to standard safety policies and protocol with respect to unruly, unsafe, and dangerous passengers.

19. On December 3, 2021, Defendant JOHN DOE was a passenger aboard the subject flight.

20. On December 3, 2021, while aboard the subject flight, Defendant JOHN DOE became and or remained inebriated, intoxicated, and/or in a condition which prevented him from safely walking in the subject aircraft's cabin.

21. Defendant JOHN DOE became and or remained inebriated, intoxicated, and/or in a condition which prevented him from safely walking in the subject aircraft's cabin due to the negligent, careless and/or reckless actions of FRONTIER, its employees, agents' servants and/or contractors.

22. Defendant FRONTIER, its agents, servants, employees, and/or contractors had actual notice of JOHN DOE's aforesaid condition.

23. Defendant FRONTIER, its agents, servants, employees, and/or contractors had constructive notice of JOHN DOE's aforesaid condition.

24. Notice is not a prerequisite insofar as Defendant FRONTIER served Defendant JOHN DOE alcohol when he was known to be in an intoxicated state.

25. Defendant FRONTIER failed to stop serving him alcohol even after learning he had become intoxicated.

26. Defendant FRONTIER failed to warn other passengers of JOHN DOE's condition or otherwise take steps to prevent harm to other passengers.

27. Because of Defendant JOHN DOE's condition, he posed a danger and/or risk to fellow passengers when walking in the subject aircraft's cabin.

28. On December 3, 2021, one or more members of the subject flight's flight and/or cabin crew knew or should have known Defendant JOHN DOE posed a danger and/or risk of harm to his fellow passengers.

29. Pleaded in the alternative and without any prejudice as to anything else set forth to the contrary herein, at the time of the events complained of herein, the conditions aboard the aircraft and in the aircraft's cabin did not allow for passengers to safely exit their seats and walk in the cabin.

30. Despite their knowledge of same, on December 3, 2021, one or more members of FRONTIER's flight and/or cabin crew negligently, carelessly, and/or recklessly permitted JOHN DOE to exit his seat and walk in the subject aircraft's cabin, thereby posing a risk of harm to fellow passengers.

31. On December 3, 2021, while seated aboard the subject aircraft on the subject flight, PLAINTIFF was injured when a fellow passenger, identified herein as Defendant JOHN DOE, fell and struck him while walking in the aircraft's cabin.

32. On December 3, 2021, while seated aboard the subject aircraft, PLAINTIFF suffered serious injuries to his right arm due to the negligence, carelessness, and/or recklessness of FRONTIER's cabin crew members who are its employees, agents and/or servants, without any negligence on the part of the Plaintiff herein.

33. As a result of said negligence, PLAINTIFF was injured.

34. As a result of said negligence, PLAINTIFF was seriously injured.

35. As a result of said negligence, PLAINTIFF was permanently injured.

36. As a result of said negligence, PLAINTIFF suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

37. As a result of said negligence, PLAINTIFF suffered economic loss and, in the future, shall continue to suffer from same.

38. As a result of said negligence, PLAINTIFF was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

39. As a result of said negligence, PLAINTIFF was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST JOHN DOE DEFENDANT FOR NEGLIGENCE

40. Plaintiff restates and realleges each and every allegation contained in the preceding paragraphs as if fully set forth herein.

41. Upon information and belief, on December 3, 2021, Defendant JOHN DOE was a passenger aboard the subject flight.

42. On December 3, 2021, while aboard the subject flight, Defendant JOHN DOE was inebriated, intoxicated, and/or in a condition or compromised state of health and being which prevented him from safely walking in the subject aircraft's cabin.

43. Pleaded in the alternative and without any prejudice as to anything else set forth to the contrary herein, at the time of the events complained of herein, the conditions in the aircraft's cabin did not allow for passengers to safely exit their seats and walk in the cabin.

44. On December 3, 2021, JOHN DOE negligently, carelessly, and/or recklessly exited his seat and walked in the aisle of the subject aircraft's economy cabin, thereby posing a risk to his fellow passengers.

45. On December 3, 2021, while walking in the aisle of the subject aircraft's economy cabin, Defendant JOHN DOE posed a risk to fellow passengers aboard the subject flight due to his compromised physical and/or mental state of being.

46. On December 3, 2021, Defendant JOHN DOE fell and struck PLAINTIFF.

47. On December 3, 2021, Defendant JOHN DOE fell and struck PLAINTIFF causing injuries to his right arm.

48. On December 3, 2021, PLAINTIFF suffered injuries from the negligence, carelessness, and/or recklessness of Defendant JOHN DOE.

49. As a result of said negligence, PLAINTIFF was injured.

50. As a result of said negligence, PLAINTIFF was seriously injured.

51. As a result of said negligence, PLAINTIFF was permanently injured.

52. As a result of said negligence, PLAINTIFF suffered great pain, agony and mental anguish, and in the future shall continue to suffer from same.

53. As a result of said negligence, PLAINTIFF suffered economic loss and, in the future, shall continue to suffer from same.

54. As a result of said negligence, PLAINTIFF was forced to expend sums of money on medical treatment and in the future shall continue to expend money on same.

55. As a result of said negligence, PLAINTIFF was deprived of his enjoyment of life, pursuits and interests and in the future shall continue to be deprived of same.

WHEREFORE, plaintiff CHRISTOPHER S. GODWIN prays for judgment against the Defendants, jointly and severally, for compensatory damages in excess of Seventy-Five thousand ($75,000.00) Dollars, exclusive of interest, costs, and attorney's fees and for such other and further relief as this Court deems just.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of all issues.

THE ROTHENBERG LAW FIRM, LLP

DATED: October 17, 2023

/s Daniel Breen
Daniel Breen, Esquire
1420 Walnut Street, 2nd Floor
Philadelphia, PA 19102
(215) 732-7000

and

Abram I. Bohrer, Esquire
David A. Zeitzoff, Esquire
BOHRER & LUKEMAN, PLLC
5 Columbus Circle, Suite 1501
New York, New York 10019
(212) 406-4232 x1041
abe@flightinjury.com
(*Pro hac vice application to be submitted*)

*Attorneys For Plaintiffs*