IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTOPHER GODWIN,
            Plaintiff,

      v.

FRONTIER AIRLINES, INC. and JOHN
DOE,
            Defendants.

Civil Action No.: 2:23-cv-4011-CFK

**DEFENDANT FRONTIER AIRLINES, INC.'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendant Frontier Airlines, Inc. ("Frontier"), by and through its undersigned counsel, hereby answers Plaintiff's Complaint and asserts affirmative defenses as follows:

**THE PARTIES**

1.     Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2.     Frontier admits that it is incorporated under the laws of the State of Colorado and has a principal place of business in Denver, Colorado. Frontier denies the remaining averments and characterizations in Paragraph 2 of Plaintiff's Complaint.

3.     The averments in Paragraph 3 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier does not contest that this Court has jurisdiction over this matter.

4.     The averments in Paragraph 4 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier does not contest that this Court has jurisdiction over this matter.

5.     Admitted.

6.      Admitted in part; denied in part. Frontier admits only that it maintains operations at Philadelphia International Airport at 850 Essington Avenue (Terminal E), Philadelphia, Pennsylvania 19153. Frontier denies the remaining facts averred in Paragraph 6 of Plaintiff's Complaint.

7.      The averments in Paragraph 7 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 7 and therefore denies the same.

## JURISDICTION AND VENUE

8.      The averments in Paragraph 8 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier does not contest that this Court has jurisdiction over this matter.

9.      The averments in Paragraph 9 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier does not dispute that venue is proper.

## BACKGROUND FACTS AND GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

10.      Admitted in part; denied in part. Frontier admits that it is a commercial airline and common carrier. Frontier also admits that it maintains operations at Philadelphia International Airport at 850 Essington Avenue (Terminal E), Philadelphia, Pennsylvania 19153. Frontier denies the remaining averments in Paragraph 10 of Plaintiff's Complaint as conclusions of law to which no response is required.

11.      The averments in Paragraph 11 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier admits that it

operated Flight F9108 from Philadelphia International Airport to Luis Munoz Marin International Airport.

12.     Admitted in part, denied in part. Frontier admits only that it owned, operated, and staffed Flight F9108 from Philadelphia International Airport to Luis Munoz Marin International Airport.

13.     Admitted.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT FRONTIER FOR NEGLIGENCE

14.     Frontier incorporates by reference its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if fully stated herein.

15.     The averments in Paragraph 15 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier admits only that it staffed Flight F9108.

16.     Admitted in part, denied in part. Frontier admits only that it owned, operated, and staffed Flight F9108 from Philadelphia International Airport to Luis Munoz Marin International Airport.

17.     The averments in Paragraph 17 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier denies the averments.

18.     Admitted.

19.     Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20.     Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     Frontier lacks sufficient knowledge and information to admit or deny the truth of the factual averments contained in Paragraph 21 of Plaintiff's Complaint and therefore denies the same. Frontier specifically denies that it acted in a manner that was negligent, careless and/or reckless.

22.     Denied.

23.     Denied.

24.     The averments in Paragraph 24 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier denies the averments.

25.     Denied.

26.     Denied.

27.     The averments in Paragraph 27 of Plaintiff's Complaint constitute conclusions of law to which no response is necessary. To the extent a response is required, Frontier denies the averments.

28.     Denied.

29.     Denied.

30.     Denied. Frontier specifically denies that it acted in a manner that was negligent, careless and/or reckless.

31.     Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 31 of Plaintiff's Complaint and therefore denies the same.

32.     Denied. Frontier specifically denies that it acted in a manner that was negligent, careless and/or reckless.

33.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

34.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

35.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

36.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

37.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

38.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

39.     Denied. Frontier specifically denies that it acted in a manner that was negligent.

WHEREFORE, Frontier respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST JOHN DOE DEFENDANT FOR NEGLIGENCE

40.     Frontier incorporates by reference its responses to Paragraphs 1 through 39 of Plaintiff's Complaint as if fully stated herein.

41.     The averments in Paragraph 41 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 41 and therefore denies the same.

42.     The averments in Paragraph 42 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 42 and therefore denies the same.

43.     Denied.

44.     The averments in Paragraph 44 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in

Paragraph 44 and therefore denies the same.

45.     The averments in Paragraph 45 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier denies the averments in Paragraph 45.

46.     The averments in Paragraph 46 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 46 and therefore denies the same.

47.     The averments in Paragraph 47 of Plaintiff's Complaint are directed to a party other than Frontier, so no response is required. To the extent a response is required, Frontier lacks sufficient knowledge and information to admit or deny the truth of the averments contained in Paragraph 47 and therefore denies the same.

48.     The averments in Paragraph 48 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

49.     The averments in Paragraph 49 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

50.     The averments in Paragraph 50 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

51.     The averments in Paragraph 51 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

52.     The averments in Paragraph 52 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

53.     The averments in Paragraph 53 of Plaintiff's Complaint are directed to a party other

than Frontier and constitute conclusions of law, so no response is required.

54.     The averments in Paragraph 54 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

55.     The averments in Paragraph 55 of Plaintiff's Complaint are directed to a party other than Frontier and constitute conclusions of law, so no response is required.

WHEREFORE, Frontier respectfully requests judgment in its favor together with costs and attorneys' fees as authorized by law.

## AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint fails to set forth a claim upon which relief may be granted.

2.     Plaintiff's damages, if any, were proximately caused by the acts and omissions of others over whom Frontier had no control or right of control. Said acts or omissions were the superseding and/or sole direct and proximate cause of Plaintiff's damages, if any.

3.     No act, or omission, or other liability producing conduct on the part of Frontier is a factual and/or legal cause of Plaintiff's alleged injuries and/or damages, all such injuries and/or damages being otherwise denied.

4.     Frontier has not breached any duties allegedly owed to Plaintiff, including, without limitation, any duty of reasonable care.

5.     Plaintiff's claim for damages may be barred or reduced by the percentage of Plaintiff's comparative fault and/or contributory negligence.

6.     Frontier claims the benefit of any collateral sources to which Plaintiff is, or may be, entitled in connection with the alleged losses for which recovery is sought in this action and requests that in the event Plaintiff recovers any judgment herein, that said judgment be reduced by any amounts that have been or may be recovered in whole or in part from any collateral sources.

7.      Plaintiff's alleged losses, damages, injuries, harm, expenses, diminution, or deprivation may have been caused in whole or in part by Plaintiff's failure to exercise reasonable care and to mitigate damages of Plaintiff.

8.      Any foreseeable and unreasonable risk of personal injury that is the subject of this litigation was a risk which Frontier did not create and/or could not reduce or eliminate.

9.      The Complaint and each purported cause of action therein are barred, in whole or in part, because Plaintiff may have failed to join all necessary and indispensable parties.

10.     The Plaintiff's claims may be barred fully or in part by the doctrine of federal preemption.

11.     Frontier incorporates by reference any defense set forth in its responses to Paragraphs 1 through 55 of Plaintiff's Complaint as if set forth in full herein.

12.     Frontier reserves the right to assert additional defenses as discovery in this matter progresses.

        **WHEREFORE**, Frontier respectfully requests the following relief:

1.      That Plaintiff takes nothing by reason of the Complaint;

2.      Dismissal of all of Plaintiff's claims with prejudice;

3.      The entry of judgment in Frontier's favor and against Plaintiff; and

4.      For such other relief as the Court deems proper.

                                        **CAMPBELL CONROY & O'NEIL, P.C.**

Dated: January 18, 2024

                        By: */s/ Erin W. Grewe*
                            Erin W. Grewe, Esquire
                            1205 Westlakes Drive, Suite 330
                            Berwyn, PA 19312
                            Tel.: 610-964-1900
                            Fax: 610-964-1981
                            Email: egrewe@campbell-trial-lawyers.com
                            *Counsel for Frontier Airlines, Inc.*

## CERTIFICATE OF SERVICE

I, Erin W. Grewe, Esquire, do hereby certify that on January 18, 2024, I electronically filed the foregoing *Answer to Complaint* with the Clerk of Court using the Court's electronic filing system (ECF), which will send notification of such filing to all counsel of record.

**CAMPBELL CONROY & O'NEIL, P.C.**

By:    */s/ Erin W. Grewe*_____
         Erin W. Grewe, Esquire
         *Counsel for Frontier Airlines, Inc.*

Dated: January 18, 2024