IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTOPHER GODWIN,<br>Plaintiff,<br><br>v.<br><br>FRONTIER AIRLINES, INC. and JOHN DOE,<br>Defendants. | Civil Action No.: 2:23-cv-4011-CFK |

## STIPULATED PROTECTIVE ORDER

**WHEREAS**, the Parties to this action have determined that discovery has involved, and will continue to involve, information and documents that contain personal, trade secrets, proprietary data, and/or other confidential or commercial sensitive financial or business information, and other private or confidential information, the disclosure of which, beyond the scope of this litigation, may cause the parties significant and irreparable harm; and

**WHEREAS**, the Parties request entry of this Stipulation for Protective Order ("Protective Order") pursuant to the Federal Rules of Civil Procedure, to establish procedures to enable the parties to obtain such confidential information and documents that have been or may hereinafter be disclosed in the conduct of discovery herein; to facilitate the exchange of discovery without waiver of any party's right to object to the introduction of such information at trial or any other stage of this action; to protect against public disclosure; and to promptly resolve disputes over confidentiality.

The Parties, through their counsel of record, stipulate as follows:

1. <u>Scope and Application of Protective Order.</u> This Protective Order governs all documents, information, or other material that is designated "Confidential Information" as defined herein, and that is produced in connection with this litigation by any person or entity (the "producing party") to any other person or entity (the "receiving party"), regardless of whether the

person or entity producing or receiving the Confidential Information is a party.

2.  Definitions.

2.1.  Confidential Information. "Confidential Information" means any information that the producing party designates in good faith has been maintained in a confidential manner and should be protected from disclosure and use outside of the litigation because its disclosure and use is restricted by statute or could potentially cause harm to the interests of disclosing party or nonparties. For purposes of this Protective Order, "Confidential Information" is private, confidential, or proprietary, including the following representative but non-exclusive examples:

- Personally identifiable information, including home addresses, dates of birth, social security numbers, phone numbers, email addresses, names of minor children, and/or other personal identifying information;

- Information prohibited from disclosure by statute;

- Personal health care information or records, including medical and mental health records, treatment, and diagnoses;

- Financial information or records, including taxes returns, financial account numbers, and other financial records;

- Non-public information of Frontier that contains trade secrets; commercial, financial, pricing, budgeting, revenue, sales, profit, or accounting information (not including publicly available financial statements);

- Information about existing and potential passengers of Frontier, excluding anyone with knowledge or information that may be relevant to this litigation;

- Personnel Information regarding current and former employees of Frontier. For purposes of this Order, "Personnel Information" includes, but is not limited to, information typically retained in personnel files, job application materials, any performance ratings, employee compensation and payroll information, supervisor notes, medical records, documents related to discipline and/or termination, documents regarding attendance, and information relating to employment policies;

- Proprietary information about the parties, their affiliates, parents, subsidiaries, and third-parties with whom the parties have or have had business relationships; and

- Any other information whose disclosure could cause an invasion of privacy or competitive business harm.

2.2. <u>Documents</u>. The term "documents" includes all information or communications in any written or electronic form, regardless of format, and includes visual depictions such as photographs.

3. <u>Designation of Confidential Information.</u>

3.1. <u>Good Faith Claims</u>. All claims of confidentiality and objections to those claims must be made under a good faith belief that the information satisfies (or, in the case of objections, does not satisfy) the definition of Confidential Information.

3.2. <u>Produced Documents</u>. A party producing documents that it believes constitute or contain Confidential Information shall place or affix the word "Confidential" on the document in a manner that shall not obliterate or obscure the contents. If a document containing Confidential Information is produced in native format, the file name shall contain the term "Confidential" or otherwise clearly indicate that it contains information subject to this Protective Order. If any person or party makes copies of documents designated as containing Confidential Information, each copy must be marked as containing Confidential Information in the same form as the original document.

A party producing documents that are stored on data storage devices shall designate the data storage device as containing Confidential Information by labeling the data storage device and files as described above. If the receiving party or other persons or entities to whom disclosure is authorized under this Protective Order makes a copy of any data storage device designated by the producing party as containing Confidential Information, the receiving party or other authorized person shall mark each copy as containing Confidential Information in the same form as the notice on the original data storage device. If the receiving party or other authorized person prints or makes

3

copies of the documents stored on such data storage device, each page must be copied with the label specified in this section.

        3.3.    <u>Interrogatory Answers</u>. If a party answering an interrogatory believes that its answer contains Confidential Information, it shall answer in a separate document that is designated as Confidential Information.

        3.4.    <u>Inspections of Documents</u>. If the parties inspect documents rather than produce copies, no designation of Confidential Information needs to be made before the inspection. The party making documents available for inspection may designate categories of documents that contain Confidential Information, and the information contained in those documents shall be considered Confidential Information under this Protective Order. If the inspecting party selects documents to be copied, the producing party shall designate Confidential Information when the copies are produced.

        3.5.    <u>Deposition Transcripts</u>. A party may inform the other parties that portion(s) of the deposition transcript, including any exhibits thereto, are designated as Confidential Information by: (i) a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) written notice served on counsel of record in this litigation within thirty (30) days after receipt of the draft or final transcript (whichever is received earlier) of such proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as Confidential Information. All portions of transcripts not designed as Confidential Information within the time frame provided herein shall be deemed not confidential.

        3.6.    <u>Multipage Documents</u>. A party may designate all pages of an integrated,

multipage document, including a deposition transcript and interrogatory answers, as Confidential Information by placing the label specified in subparagraph 3.2 on the first page of the document. If a party wishes to designate only certain portions of an integrated, multipage document as Confidential Information, it should designate such portions immediately below the label on the first page of the document and place the labels specified in subparagraph 3.2 on each page of the document containing Confidential Information.

    4.      <u>Designations by Another Party.</u>

        4.1.    <u>Notification of Designation</u>. If a party other than the producing party believes that a producing party has produced a document that contains or constitutes Confidential Information of the non-producing party, the non-producing party may designate the document as Confidential Information by notifying all parties in writing within thirty (30) days of service of the document.

        4.2.    <u>Return of Documents</u>. Whenever a party other than the producing party designates a document as Confidential Information under subparagraph 4.1, each party receiving the document shall either add the Confidential Information designation or substitute a copy of the document bearing such designation for each copy of the document produced by the producing party. Each party shall destroy all undesignated copies of the document or return those copies to the producing party, at the direction of the producing party.

    5.      <u>Objections to Designations.</u>

        5.1.    <u>Notice of Objection</u>. Any party objecting to a designation of Confidential Information, including objections to portions of designations of multipage documents, shall notify the designating party and all other Parties of the objection in writing no later than 30 days before trial or, if a document is first produced fewer than 30 days before trial, within half of the time

remaining before trial. This notice must identify each document that the objecting party in good faith believes should not be designated as Confidential Information and provide a brief statement of the grounds for such belief.

        5.2.    <u>Conference Regarding Objection</u>. The parties with an interest in resolution of the objection shall confer within fourteen (14) days after service of such objection to attempt to resolve their differences, unless the parties agree to a longer time. If the parties cannot resolve their differences, the objecting party shall have fourteen (14) days after the conference to file a motion to remove the Confidential Information designation. Until the Court rules on the challenge, all parties must continue to treat the materials as Confidential Information under the terms of this Protective Order.

        5.3.    <u>Treatment after Objection Is Raised.</u> All documents, information and other materials initially designated as Confidential Information shall be treated as Confidential Information in accordance with this Protective Order unless and until the Court rules otherwise, or the producing party agrees to remove the designation. If the Court rules that a Confidential Information designation should not be maintained as to a particular document, the producing party shall, upon written request by a party, provide that party a copy of that document without the Confidential Information designation.

    6.    <u>Custody</u>. All Confidential Information and all copies, extracts, and summaries thereof, shall be retained by the receiving party in the custody of counsel of record, or by persons to whom disclosure is authorized under subparagraph 7.1.

    7.    <u>Handling of Confidential Information Before Trial</u>.

        7.1.    <u>Authorized Disclosures</u>. Confidential Information shall be disclosed by the receiving party only to the following persons:

a.  Counsel for the parties, including both outside and inside counsel, and their associates, of counsel, contract attorneys, clerks, paralegals, and secretarial personnel engaged in the conduct of this action;

b.  Qualified persons taking testimony in this litigation involving such Confidential Information, and necessary stenographic, videotape and clerical personnel;

c.  Deposition and trial witnesses;

d.  Third-party experts or independent consultants and their staff who are consulted by counsel or by a party to assist in this litigation;

e.  Parties and their employees and insurers with a discernible need to know;

f.  Vendors employed by counsel for copying, scanning, and handling of documents and data;

g.  The Court hearing this litigation and the Court's staff/officers, and the jury, subject to the Court's processes for filing materials under seal; and

h.  Any third party retained by or assigned to the parties for purposes of conducting a mediation, settlement conference, or other alternative dispute resolution proceeding.

Such disclosures are authorized only to the extent necessary to investigate, prosecute, or defend the litigation.

7.3.   <u>Acknowledgement of Protective Order</u>. Confidential Information may not be disclosed to persons under subparagraphs 7.1(c), 7.1(d), or 7.1(h) until the receiving party has obtained a written acknowledgment from such person, in the form described in **Appendix A**, that he or she has received a copy of this Protective Order and has agreed to be bound by it. A party who discloses, or has disclosed, Confidential Information in accordance with subparagraphs 7.1(c), 7.1(d), or 7.1(h) shall retain the written acknowledgment from each person receiving the Confidential Information, shall maintain a list of all persons to whom the party has disclosed the Confidential Information in accordance with subparagraphs 7.1(c), 7.1(d) or 7.1(h), and shall furnish the written acknowledgements and disclosure list to the Court for *in camera* review upon its request. Furnishing the written acknowledgements and disclosure list to the Court shall not

constitute a waiver of the attorney work product or attorney-client privilege.

       7.4.    <u>Disclosure to Competitors</u>. Before disclosing Confidential Information to any authorized person who is a competitor (or an employee of a competitor) of the designating party, the party wishing to make such disclosure shall give at least fourteen (14) days' written notice to the designating party, stating the names and addresses of the person(s) to whom the disclosure will be made, and identifying with particularity the documents or information to be disclosed. If, within the 14-day period, a motion is filed objecting to the proposed disclosure, disclosure is not authorized until the Court orders otherwise. For purposes of this Protective Order, "competitor" means any person or entity that operates any online or physical marketplace or retail business with more than 1,000 employees.

       7.5.    <u>Unauthorized Disclosures</u>. If Confidential Information is disclosed to any person other than in the manner authorized by this Protective Order, the party or person responsible for the disclosure, and any other party or person who is subject to this Protective Order and learns of such disclosure, shall immediately bring such disclosure to the attention of the designating party. Without prejudice to other rights and remedies of the designating party, the responsible party or person shall make every effort to retrieve the Confidential Information and to prevent further disclosure. The responsible party must also inform the person(s) to whom unauthorized disclosures were made of all the terms of this Protective Order and obtain written acknowledgment from such person(s), in the form described in **Appendix A**.

       7.6.    <u>Court Filings</u>. All material filed with the Court containing or disclosing Confidential Information shall be filed in accordance with Local Rule of Civil Procedure 5.1.3 and any Electronic Case Filing procedures of the Honorable Chad F. Kenney.

    8.    <u>Care in Storage</u>. All persons having Confidential Information shall exercise

reasonable care to protect against inadvertent disclosure, disclosure to unauthorized persons, and theft or hacking.

9. <u>Handling during Trial</u>. Confidential Information that is subject to this Protective Order may be marked and used as trial exhibits by any party, subject to terms and conditions imposed by the Court.

10. <u>No Implied Waivers</u>. The entry of this Protective Order shall not be interpreted as a waiver of the right to object to the furnishing of information or documents in response to discovery requests or to object to a requested inspection of documents or facilities. Nor is production of any document or information under this Protective Order an admission that it is admissible in evidence.

11. <u>Inadvertent Failure to Designate as Confidential</u>. The inadvertent failure to designate any information as Confidential does not waive a party's claim of confidentiality. In the event of disclosure of such information, the information shall be designated as Confidential Information by the party as soon as reasonably possible after learning of the disclosure and such information shall thereafter be treated as Confidential Information subject to this Protective Order. No liability shall attach to any party's use or disclosure of such information from the time of receipt until the party properly designates it as Confidential Information.

12. <u>Inadvertent Disclosure of Privileged Documents or Information</u>. If a party inadvertently produces a document or information that it could have withheld, in whole or in part, under a legitimate claim of privilege, the inadvertent production shall not waive any privilege or result in a subject matter waiver. Except as otherwise set forth in this Paragraph, the handling of inadvertent disclosure of Confidential Information shall be controlled by Federal Rule of Evidence 502.

A party who determines that it may have received potentially privileged documents or information shall immediately notify the producing party.

A producing party may demand return of any inadvertently produced document or information, and the receiving party shall immediately return them (and any copies thereof) and either delete or sequester all electronic versions and all notes or other work product reflecting the contents of such material. Alternatively, the receiving party may seek in camera review within ten (10) days to obtain a court ruling on privilege, and the parties shall not use such documents or information until the Court rules on the same.

13. <u>Parties' Own Documents</u>. This Protective Order does not restrict the parties in their use or disclosure of their own documents and information.

14. <u>Motion to Compel Production of Confidential Information</u>. If any third party moves to compel production of Confidential Information, the party subject to such motion shall immediately notify the parties who originally produced or designated the Confidential Information to allow them an opportunity to oppose the motion. In addition, if a party is ordered to produce Confidential Information covered by this Protective Order, notice and, if available, a copy of the order compelling disclosure, shall immediately be given to the parties who originally produced or designated such Confidential Information. Nothing in this Protective Order requires the party who is ordered to produce such Confidential Information to challenge or appeal such an order.

15. <u>No Effect on Other Rights</u>. This Protective Order does not abrogate or affect any pre-existing contractual, statutory, or other legal obligations or rights of any party with respect to Confidential Information.

16. <u>Handling upon Conclusion of Litigation</u>. All persons to whom disclosure of Confidential Information was made shall return all Confidential Information to counsel for the

designating party within sixty (60) days of the conclusion of litigation. Counsel for the designating party shall maintain the returned records in accordance with Rule 1.15 of the Pennsylvania Rules of Professional Conduct. Counsel for the returning party shall certify in writing that all such Confidential Information has been returned. Counsel for each party also shall contact each person to whom that party has provided a copy of any Confidential Information and request the documents be returned. In lieu of returning Confidential Information, the person or party possessing it may destroy it and certify such destruction in writing.

17. <u>Protected Material Subpoenaed or Ordered Produced in Other Litigation</u>. If a party is served with a subpoena or a court order in other litigation that compels disclosure of any information designated in this action as Confidential Information, that party must:

   i. Promptly provide written notice to the designating party. Such notification shall include a copy of the subpoena or court order;

   ii. Promptly provide written notice to the party who caused the subpoena or court order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

   iii. Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as Confidential Information before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

18. <u>Non-Party's Protected Material Sought to be Produced in This Litigation</u>. The terms

of this Protective Order are applicable to information produced by a non-party in this action and designated as Confidential Information. Such information produced by a non-party in connection with this litigation is protected by the remedies and relief provided by this Protective Order. Nothing in these provisions should be construed as prohibiting a non-party from seeking additional protection.

In the event that a party is required, by a valid discovery request, to produce a non-party's protected material in its possession, and the party is subject to an agreement with the non-party not to produce the non-party's protected material, then the party shall:

i. Promptly provide written notice to the requesting party and the non-party that some or all of the information requested is subject to a confidentiality agreement with a non-party;

ii. Promptly provide the non-party with a copy of this Protective Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

iii. Make the information requested available for inspection by the non-party.

If the non-party fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the receiving party may produce the non-party's protected material responsive to the discovery request. If the non-party timely seeks a protective order, the receiving party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the non-party before a determination by the Court. Absent a court order to the contrary, the non-party shall bear the burden and expense of seeking protection in this Court of its protected material.

19.     This Court reserves its inherent power to modify the terms of this Order and permit the disclosure of information where the interest of justice so requires and where good cause is not shown in support of confidentiality as established in *In re Avandia Mktg., Sales Practices & Product Liability Litigation*, 924 F.3d 662 (2019); and *Pansy v. Borough of Stroudsburg*, 23 F.3d

772 (3d Cir. 1994). This Order is further subject to the modification of any party or other person with standing concerning the subject matter. This Order must not, however, be modified until the parties have been given notice and an opportunity to be heard on the proposed modifications.

**IT IS SO STIPULATED.**

DATED: June 13, 2024                                                         **BOHRER & LUKEMAN**

                                                                By: _David Zeitzoff_
                                                                    Abram I. Bohrer, Esquire
                                                                    David A. Zeitzoff, Esquire
                                                                    *Attorney for Plaintiff Christopher Godwin*


DATED: June 14, 2024                                                         **CAMPBELL CONROY & O'NEIL, P.C.**

                                                                By: /s/ *Erin W. Grewe*
                                                                    Kathleen M. Guilfoyle, Esquire
                                                                    Erin W. Grewe, Esquire
                                                                    *Attorneys for Defendant Frontier Airlines, Inc.*

# APPENDIX A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read and understand the Protective Order that was issued by the United States District Court for the Eastern District of Pennsylvania, on _____, 2024, in the case of *Christopher Godwin v. Frontier Airlines, Inc. and John Doe*, Civil Action No. 2:23-cv-4011-CFK. I agree to comply with, and be bound by, all the terms of the Protective Order and I understand and acknowledge that failure to comply could expose me to court-imposed sanctions or contempt. I promise that I will not disclose any information or documents that are subject to the Protective Order except in strict compliance with the provisions of the Protective Order. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of Pennsylvania, for the purposes of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this case.

Printed name: _____

Physical address: _____

Mailing address: _____

Phone number: _____

Email Address: _____

Signature: _____

Date: _____