IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER S. GODWIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO.: 2:23-cv-4011-CFK |
| FRONTIER AIRLINES, INC. | : | |
| Defendant. | : | |

### REPORT OF RULE 26(f) MEETING

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties conferred on July 10, 2024 and submit the following report of their meeting for the Court's consideration:

**I.    Discussion of Claims, Defenses and Relevant Issues**

**Plaintiff**:     On December 3, 2021, Plaintiff CHRISTOPHER S. GODWIN ("Plaintiff"), at the time a resident of Fairless Hills, Pennsylvania, was traveling on Frontier Flight F9108 from Philadelphia International Airport (PHL) to San Juan, Puerto Rico (SJU), seated in seat 3C, an aisle seat on the left side of the aircraft. During the flight, while the "fasten seat belt" sign was illuminated and the cabin crew were seated in their jump seats, Defendant Frontier Airlines, Inc.'s flight attendants violated its own rules, practices, policies, and procedures by negligently, carelessly, and/or recklessly permitting a passenger seated approximately two to eight rows behind Plaintiff to stand and walk through the aircraft's aisle in unsafe cabin conditions.  The passenger, who appeared either impaired or ill, posed a danger to himself and others. While near the Plaintiff's assigned seat, the passenger stumbled, fell onto Plaintiff's arm, and caused him severe personal injuries.

Specifically, the Plaintiff suffered a complete rupture/tear of the biceps insertion in his right, dominant arm with a 7.4 cm proximal retraction, and extensive bruising, as demonstrated by post-accident photographs.  He was treated by emergency medical technicians upon arrival at SJU

and followed up several days later at Hospital HIMA- San Pablo in Fajardo, Puerto Rico. Upon returning home, he saw his primary care physician, who referred him to a specialist. On January 14, 2022, he underwent surgery under general anesthesia to repair his right distal bicep. Plaintiff continues to experience ongoing pain, numbness, and stiffness in his right arm, which interferes with several activities of daily living. He incurred approximately $12,000.00 in out of pocket medical expenses and his insurance carrier has asserted a $6,192.09 lien on his recovery.

**Defendant**: On December 3, 2021 Plaintiff was a passenger aboard Frontier Flight F9108, traveling from Philadelphia International Airport to Luis Munoz Marin International Airport in San Juan, Puerto Rico. Plaintiff alleges that he was injured when an unidentified male passenger, who was purportedly sitting two to eight rows behind where Plaintiff was seated (in seat 3C), fell on Plaintiff and caused a complete rupture/tear of Plaintiff's right bicep. Plaintiff alleges that this incident occurred either because the John Doe passenger was intoxicated, inebriated, and/or ill, or because there was turbulence during the flight such that it was unsafe for passengers to move within the cabin space.

However, Frontier disputes liability in this matter, and specifically that it acted in a negligent manner. It has no documentation of an intoxicated, ill, or unruly passenger aboard the subject flight, and no documentation to support Plaintiff's allegations that it allegedly overserved the John Doe passenger. It also has no report of turbulence in connection with this flight.

To the extent that Plaintiff can establish causation, his claimed economic damages are relatively minimal: $11,952.35 in unidentified out-of-pocket expenses and a $6,192.09 lien for the medical treatment Plaintiff received in connection with the incident—including surgery to repair his ruptured right bicep. Plaintiff has confirmed that he is not asserting a claim for lost wages or future wage loss. Frontier has not yet had the opportunity to depose Plaintiff as to his claims for

past and future pain and suffering, or his current and future medical limitations.

**II.     Informal Disclosures**

The parties have exchanged Rule 26(a) Initial Disclosures.

Frontier served its Initial Disclosures on March 11, 2024 and intends to supplement its Initial Disclosures to identify the four flight attendants who were working on Flight F9108. Frontier has already identified these individuals in its written responses to Plaintiff's Interrogatories, served on May 3, 2024.

Plaintiff served his Initial Disclosures on March 15, 2024. Along with his disclosures, Plaintiff provided medical records from Bucks Family Medical Center, Dr. Stuart Trager, and St. Mary Medical Center, as well as photographs of his injuries and travel related documents. He also provided HIPAA compliant authorizations for the release of his medical records from Hima San Pablo Hospital, Fairless Hills Jefferson Health, Orthopaedics at Jefferson Health, Bucks Family Medical Center, Dr. Trager, and St. Mary Medical Center.

**III.    Formal Discovery**

The parties have exchanged written discovery. Plaintiff responded to Frontier's First Set of Interrogatories and First Set of Requests for Production on April 19, 2024. Plaintiff also produced records from Stephen J. Masceri, M.D. of Physical Medicine and Rehabilitation and provided HIPAA compliant authorizations for the release of his medical records from Dr. Masceri, Robert C. Goldstein, M.D., and Bucks Family Medicine.

Frontier responded to Plaintiff's First Set of Interrogatories and First Set of Requests for Production on May 3, 2024. Frontier produced the Passenger PNR for Plaintiff. On June 25, 2024, subject to the parties' agreed-upon confidentiality agreement, Frontier produced the Operational Flight Details for the subject flight, as well as a redacted Flight Manifest Report and relevant

portions of the Frontier Flight Attendant Manual.

Frontier has subpoenaed records from Dr. Masceri, Dr. Goldstein, Bucks County Family Medicine, Dr. Trager, St. Mary Medical Center, Fairless Hills Jefferson Health, Orthopaedics at Jefferson Health, Hima San Pablo Hospital, Frito Lay (Plaintiff's employer), and Blue Cross Blue Shield. To date, Frontier has only received responsive records from Dr. Masceri, Dr. Goldstein, and Dr. Trager. Frontier continues to follow-up with the other entities.

With respect to depositions, Frontier noticed the deposition of Plaintiff for July 12, 2024, but this deposition needed to be rescheduled due to a COVID-19 exposure. Counsel have agreed to proceed with the deposition on July 23, 2024. Frontier also anticipates that it will need to depose Plaintiff's spouse, Lynda Godwin, who Plaintiff identified in his Initial Disclosures as a person who is likely to have discoverable information as to Plaintiff's claimed injuries and damages. Plaintiff has issued a Notice of Deposition directed to Frontier for a 30(b)(6) deposition and a notice of deposition for the flight attendants working aboard Flight F9108 who have relevant information. Frontier is working to identify the appropriate corporate representative(s) to provide testimony binding on the company. Frontier has confirmed that at least three of the four flight attendants who were working on Flight F9108 are no longer employed by Frontier. Plaintiff has requested that Frontier provide their last known contact information. The parties are working to identify additional passengers aboard Flight F9108 who may have discoverable information.

Based on the discovery conducted to date, the parties anticipate designating two experts each: one liability expert and one damages expert (medical). However, the parties reserve the right to modify the number of anticipated experts up to the disclosure deadline(s) based on the outstanding fact discovery. Following Plaintiff's deposition, Frontier may request that Plaintiff appear for a medical examination. The parties have not determined whether they will depose some,

all, or none of the opposing party's experts. They reserve the right to depose all disclosed experts once they receive and have the opportunity to review the opposing party's experts' reports.

IV.     **Electronic Discovery**

The parties have reviewed the Court's Checklist for Rule 26(f) Meet and Confer Regarding Electronically Stored Information. The parties agree that electronically stored information shall be produced as it is kept in the usual course of business, and each party agrees to preserve electronically stored records, as they may currently exist. All counsel agree to instruct their clients to preserve these records. As more information becomes available, the parties will reach an agreement on the costs of electronic discovery, to the extent there is a dispute over the search for and/or production of documents which could potentially contain relevant information, but which one party claims should not be produced under proportionality factors.

V.      **Expert Witness Disclosures**

The parties have discussed and agreed that expert disclosures should be staggered. The parties propose the following schedule for expert discovery:

- September 6, 2024 – Plaintiff's expert disclosures due;
- October 4, 2024 – Frontier's expert disclosures due;
- November 8, 204 – completion of all expert discovery, including expert depositions.

As noted, at this time, the parties anticipate designating two experts each: one liability expert and one damages expert (medical). However, neither Plaintiff nor a corporate designee for Frontier has been deposed. Thus, the parties reserve the right to modify the number of anticipated experts up to the disclosure deadline(s) based on the outstanding fact discovery. The parties have not determined whether they will depose some, all, or none of the opposing party's experts. They reserve the right to depose all disclosed experts once they received and have had the opportunity

to review the opposing party's experts' reports.

VI. **Early Settlement or Resolution**

Consistent with Local Rule 53.3, counsel for Plaintiff and Frontier have each discussed with their respective clients the ADR processes available to litigants in civil actions, including private mediation and/or a settlement conference before the Honorable Lynne A. Sitarski. The parties agree that early settlement or resolution may be beneficial and are willing to participate in good faith in a settlement conference before Magistrate Judge Sitarski. However, Frontier is not currently in a position to participate in such a settlement conference because it has not yet taken the deposition of Plaintiff and it is still waiting for additional medical and employment records.

VII. **Trial**

The parties anticipate that this matter will be ready for trial on or after January 3, 2025. The parties anticipate that trial may take 5-10 days, inclusive of jury selection. Plaintiff expects that the presentation of his case will take 3-4 days, and Frontier expects that the presentation of its case will take 3-4 days. At this time, the parties anticipate that they will call a total of 4-5 fact witnesses and 4 expert witnesses at trial.

The parties do not believe that the complexity of the case, in terms of the number of witnesses, warrants a Final Pretrial Conference.

VIII. **Other Matters**

The parties do not have any other matters that they believe require the Court's attention at this time.

IX. **Discovery and Objections**.

Counsel certify that they have read Judge Kenney's guidelines as to discovery and objections.

THE ROTHENBERG LAW FIRM LLP

*/s/ Daniel Breen*
By: Daniel Breen, Esq.
1420 Walnut St., 2nd Fl.
Philadelphia, PA 19102
dbreen@injurylawyer.com

Abram I. Bohrer, Esq. (admitted pro hac vice)
Bohrer & Lukeman
5 Columbus Circle, Suite 1501
New York, NY 10019
abe@flightinjury.com
david@flightinjury.com

*Attorneys for Plaintiff, Christopher S. Godwin*


CAMPBELL CONROY & O'NEIL, P.C.

*/s/ Erin W. Grewe*
By: Erin Grewe, Esq.
1205 Westlakes Drive, Suite 330
Berwyn, PA 19312
egrewe@campbell-trial-lawyers.com

Kathleen M. Guilfoyle, Esq. (admitted pro hac vice)
20 City Square, Suite 300
Boston, MA 02129
kguilfoyle@campbell-trial-lawyers.com

*Attorneys for Defendant*
*Frontier Airlines, Inc.*